UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

LUCIA VICTORIANO,

      Plaintiff,

v.

GENERAL MOTORS, LLC, GENERAL
MOTORS CORPORATION and DELPHI
AUTOMOTIVE SYSTEMS, LLC,

      Defendants.

**GENERAL MOTORS LLC'S NOTICE
OF REMOVAL**

-------------------------------------------------------------------x

Defendant General Motors LLC ("New GM") removes this action from the Supreme Court of Queens County, New York, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), based on the following facts:

## BACKGROUND

1.      On June 16, 2015, New GM was served with a Summons and Complaint in an action styled *Lucia Victoriano vs. General Motors, LLC, General Motors Corporation and Delphi Automotive Systems, LLC,* Case No. 2015-706019 filed on May 28, 2015, in the Supreme Court for Queens County, New York (the "Action"). On June 11, 2015, Delphi Automotive Systems, LLC was served with a Summons and Complaint in the Action, and on June 16, 2015, Motors Liquidation Company f/k/a General Motors Corporation was served.

2.     The Complaint alleges claims arising out of a motor vehicle accident that allegedly occurred on November 15, 2012 in Queens, New York, when Plaintiff Lucia Victoriano ("Plaintiff"), who was operating a 2008 Chevrolet Cobalt, "los[t] control of the Subject Vehicle, dr[o]ve up onto the sidewalk and crash[ed] into a wall[.]" Compl. ¶ 21. Plaintiff alleges that she was unable to avoid the collision because "the key inadvertently switched into the accessory/off position, causing the engine to lose power and disabling the vehicle's power steering, power brakes and airbags[.]" *Id.* Plaintiff also alleges that after the accident, Defendant New GM "recalled all Chevrolet Cobalt vehicles for model years 2008-2010, inclusive, due to their defective ignition switches manufactured by Defendant DELPHIA (sic)." *Id.* ¶ 22.

3.     Plaintiff seeks recovery from New GM under theories of (1) strict liability, (2) negligence, (3) breach of warranty, (4) fraud by concealment/failure to warn, and (5) "every and all additional claims and causes of action set forth in the Class Action Complaint in Turpyn v. General Motors, LLC, Case No. 14 CV 5328, not asserted herein, as if same were fully set forth herein." *Id.* ¶¶ 30-63. Plaintiff seeks recovery from General Motors Corporation and Delphi Automotive Systems, LLC under the theories of negligence and strict liability. *Id.* ¶¶ 30-46. Plaintiff also requests the recovery of punitive damages. *Id.* ¶ 59.

4.     This Action is one of more than 210 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, including in Chevrolet Cobalt vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.

5.      On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML")
established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on
June 9, 2014, the JPML designated the United States District Court for the Southern District of New
York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or
consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch
Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML
transferred an initial group of fifteen actions pending in six federal districts to the Southern District
of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle
ignition switch of certain New GM vehicles satisfied the requirements for coordinated or
consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

6.      More than 195 additional Ignition Switch Actions have since been filed in, or
transferred to, the MDL Court, including claims to recover both for alleged economic losses and
alleged personal injuries. *See generally* MDL No. 2543; *e.g.* ECF Nos. 50, 51, 82, 274, 288, 328,
355 and 358 attached as Exhibit B (transferring *Ackerman v. Gen. Motors LLC*, 14-00921 (S.D. Ill.)
(personal injury suit alleging an ignition switch defect in a 2006 Chevrolet Cobalt); *Boyd, et al. v.
Gen. Motors LLC*, 14-01205 (E.D. Mo.) (personal injury suit alleging defects in a 2006 and 2007
Chevrolet Cobalt); *Clark v. Gen. Motors LLC*, 14-03413 (W.D. Mo.) (involving an ignition switch
defect for a 2005 Chevrolet Cobalt); *Dawson v. Gen. Motors LLC*, No. 14−01459 (N.D. Ohio)
(personal injury suit alleging an ignition switch defect in a 2009 Chevrolet Cobalt); *Fleck v. Gen.
Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly
involved in accidents in various model vehicles, including the Chevrolet Cobalt); *Hamilton, et al. v.
Gen. Motors LLC*, No. 14-02219 (D. Colo.) (asserting claims for personal injury arising out of an
automobile crash involving a 2005 Chevrolet Cobalt); *Irvin, et al. v. Gen. Motors LLC, et al.*, No.

3

14–00090 (E.D. Mo.) (personal injury suit alleging a defect in a 2006 Chevrolet Cobalt); *Lambeth v. Gen. Motors LLC*, No. 14–00546 (M.D.N.C.) (claiming an ignition switch defect in a 2008 Chevrolet Cobalt); *Sumners, et al. v. Gen. Motors LLC, et al.*, No. 14-00070 (M.D. Tenn.) (personal injury suit alleging an ignition switch defect in a 2005 Chevrolet Cobalt).

7.     As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## **BASIS FOR REMOVAL**

8.     This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a) and/or 1441(b), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

9.     In June 2009, General Motors Corporation ("Old GM") filed Chapter 11 proceedings in the United States Bankruptcy Court for the Southern District of New York. *In re Gen. Motors Corp.*, No. 09-50026-reg, ECF No. 92 (Bankr. S.D.N.Y. June 1, 2009).

10.    Through a bankruptcy-approved sale process pursuant to Section 363 of the Bankruptcy Code, New GM acquired various of Old GM's assets under a June 26, 2009, Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement"). After notice, extensive discovery, and an evidentiary hearing, the Bankruptcy Court approved the asset purchase in its July 5, 2009, Sale Order and Injunction, attached hereto as Exhibit C, which approved the Sale

Agreement. *See In re Gen. Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009). The Sale Order and Injunction was affirmed in all respects by two different district court judges in the Southern District of New York. *In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010); *In re Motors Liquidation Co.*, 430 B.R. 65 (S.D.N.Y. 2010).

11.    Although New GM's purchase of Old GM's assets closed on July 10, 2009, Old GM's bankruptcy case is still open. Thus, by expressly naming Old GM as a defendant in this action, Plaintiff has brought this action against a debtor in bankruptcy.[1] Compl. ¶ 3.

12.    This case is a civil proceeding that arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); arises in a case under the Bankruptcy Code; and/or is related to a case under the Bankruptcy Code because Plaintiff has named a debtor in bankruptcy. Federal jurisdiction is proper where any recovery could affect the value of the bankruptcy estate. *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), *citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy."), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25 (1995); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (same); *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994) ("The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court"); *Coar v. Nat'l Union Fire Ins. Co.*, 19 F.3d 247, 249 (5th Cir. 1994) (possibility that damages award

---

[1] Old GM was dissolved on December 15, 2011. Notwithstanding this fact, because Plaintiff has named Old GM and because its bankruptcy case remains open, federal court jurisdiction is proper, as set forth in ¶ 12, *infra.*

would be paid by the debtors estate was sufficient to establish federal jurisdiction); *In re Scanware, Inc.*, 411 B.R. 889, 894-95 (Bankr. S.D. Ga. 2009) ("There is no question that the underlying state court action against Debtor is at least 'related to' Debtor's bankruptcy. A finding against Debtor would alter its rights, liabilities, options, and freedom of action and impact the administration of its bankruptcy estate."). *See also Tomassi v. MDS, Inc.*, No. 5:12-CV-00201, 2013 U.S. Dist. LEXIS 54719, at *4-6 (W.D. Ky. April 16, 2013) ("The Sixth Circuit has adopted the expansive definition of a 'related to' proceeding. . . . The Court finds the instant case is 'related to' Plaintiff's bankruptcy because, first, it could conceivably impact the handling and administration of the bankrupt estate."). As such, this case arises under the Bankruptcy Code; arises in a case under the Bankruptcy Code; and/or is related to a case under the Bankruptcy Code because Plaintiff has named a debtor in bankruptcy, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and/or 1441(b) and Bankruptcy Rule 9027.

## REMOVAL IS TIMELY

13.    This Notice of Removal is timely because it is being filed within 30 days after Defendants were served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on May 28, 2015.

14.    On June 11, 2015, Delphi Automotive Systems, LLC was served with a Summons and Complaint in the Action, and on June 16, 2015, Motors Liquidation Company f/k/a General Motors Corporation and New GM were served. *See* Exhibit D.

## VENUE

15.    The United States District Court for the Eastern District of New York is the United States district and division embracing the Supreme Court of Queens County, New York, where this

action was filed and is pending. *See* 28 U.S.C. § 89(c). Therefore, venue of this removed action is proper in this Court.

## CONSENT

16.    Because this action is being removed on the basis of bankruptcy jurisdiction, consent of all properly joined and served defendants is not required. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 330 (S.D.N.Y. 2003) ("It seems clear that Section 1452(a) does not require the defendants' unanimous consent to removal.").

## NOTICE TO THE STATE COURT

17.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Supreme Court of Queens County, New York, where this case was originally filed.

## STATE COURT FILINGS

18.    New GM files herewith as Exhibit D copies of all process served upon them in this action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, New GM respectfully requests that this action in the Supreme Court of Queens County, New York be removed to this Court, and that no further proceedings be had in the New York state court.

Dated:  New York, New York
        July 16, 2015

Respectfully submitted,

**LAVIN O'NEIL CEDRONE & DISIPIO**


Timothy J. McHugh
Lavin O'Neil Cedrone & DiSipio
420 Lexington Avenue
Suite 335
New York, NY 10170
Tel: (212) 319-6898
Fax: (212) 319-6932
TMcHugh@Lavin-Law.com

*Attorney for Defendant*
**GENERAL MOTORS LLC**


TO:   Eugene D. Zinbarg
      Zinbarg & Associates
      82-15 Northern Boulevard
      Jackson Heights, New York 11372
      (718) 651-6262

      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the New York Rules of Civil Procedure on this 16th day of July, 2015.

Eugene D. Zinbarg
Zinbarg & Associates
82-15 Northern Boulevard
Jackson Heights, New York 11372

*Attorneys for Plaintiff*

Timothy J. McHugh
Attorney for General Motors LLC